No. ——

First Circuit

---

## HALE v. HAMILTON

---

(Jan. 5, 1928. Opinion and Decree.)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest—Attachment—Par. 104.**
An attachment is properly dissolved where, although it was alleged that defendant had left or intended to leave the state permanently for the purpose of defrauding his creditors, there was no proof in the record to show that he had actually done so, his leaving the state being temporary and his actions in offering to give a deed to the

property showing that he did not intend to defraud.

2. **Louisiana Digest—Attachment—Par. 157, 159.**

Defendant who, in his motion for dissolution of attachment, asked that his right be reserved to sue the plaintiff for damages for its wrongful issuance, is entitled to that reservation in judgment where attachment was illegally issued.

Appeal from Vernon Parish. Hon. Hal. A. Burgess, Judge.

Action by Thomas F. Hale against G. C. Hamilton.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

A. B. Cavanaugh, Leesville, attorney for plaintiff, appellant.

S. I. Foster, Leesville, attorney for defendant, appellee.

MOUTON, J. The property of the defendant was attached by plaintiff, and the Union Assurance Society, Ltd., debtor of defendant, was garnished.

On motion by defendant, alleging that the petition for the attachment was false and untrue, the writ was dissolved. Plaintiff appeals.

The grounds for the attachment were that defendant was about to leave the state permanently; that he had already left it permanently and had acquired a residence in Texas; also, that he had disposed of or was about to dispose of or conceal his property rights and credits to defraud his creditors. The record is barren of any proof that defendant ever attempted to conceal or part with his property to defraud plaintiff or any one else. There is no insistence here that defendant entertained that purpose when the writ was issued.

Defendant owned a property in Anacoco, Vernon Parish, where he had been living for a period of about four years prior to the issuance of this attachment. He was owing plaintiff several promissory notes amounting to $582.95; was unsuccessful in business, and could not pay his debt. He left for Texas in quest of work, and from all indications, with a view of making money to meet his obligations. His wife and several children remained in Anacoco. He found employment in the oil fields of Beaumont where he was boarding. His wife knew where he was, and there is no proof to show that he had left this state permanently or intended to do so, unless such an inference can be drawn from the terms of a letter written by defendant to plaintiff, February 6, 1927. In that letter defendant offers to turn over his home in Anacoco in payment of his debt to plaintiff. The letter concludes as follows: "I will give you a deed and move out, you know that it's dirt cheap. I can't possibly duplicate it nowhere else, but I want to start even again. Let me hear from you."

Plaintiff, when on the witness stand, was asked if there was anything in that letter to make him think "defendant was not going to pay him," or to arouse his suspicions. His answer was "no". In answer to another question, he said the letter had not prompted him to run the attachment. There is nothing in the letter to justify the assumption that defendant intended to leave the state, or to defraud plaintiff, whose answers to the questions so propounded to him were proper, and candid.

The proof shows that there had been some discussion between plaintiff and defendant as to the latter paying a note of $23.60. Defendant told plaintiff he had paid it, but thought he had lost the receipt showing its payment. Plaintiff, thereupon paid the note, saying, however, that he

did not propose to say that defendant had not paid it. Plaintiff frankly admits that the difference which occurred between them on account of that note, caused the issuance of the attachment. It is shown that the property of defendant in Anacoco was destroyed by fire on Saturday the 6th or 7th of February, and that the attachment was levied the Monday following. Several parties, it appears, had endorsed the notes defendant had made in favor of plaintiff. It seems that one of these endorsers conceived the idea that the insurance policy on the property which had been destroyed by the fire, should be seized to protect all parties concerned, defendant and his sureties. This was an additional cause which seems to have prompted the issuance of this writ. These causes, were not, however, made a ground for the writ, and could not have formed a basis for such a proceeding. The writ was properly dissolved.

In his motion for the dissolution of the attachment, defendant asked that his right be reserved to sue plaintiff for the recovery of damages for its wrongful issuance. In this court defendant filed an answer to the appeal, asking for this reservation. He is entitled thereto.

It is, therefore, ordered that the judgment be affirmed, and that the right is hereby reserved to defendant, to assert such rights as he may have for the recovery of damages for the wrongful issuance of the attachment.